

THE ATTORNEY GENERAL
OF TEXAS

Gerald C. Mann          AUSTIN 11, TEXAS
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-1166
Re: Does a City Marshal, who
makes an arrest within the cor-
porate limits of his city, for
the violation of a city ordi-
nance against speeding, have
authority to take such law
violator before the justice court,
or is he required to take such
violator before the corporation
court of the city?

Your letter requesting an opinion on the above stated question has
been received and considered by this department.

As we construe your opinion request, you are concerned only with
the above question, and not with the question of giving the violator a
ticket, taking bail, etc.

City marshals are peace officers. Article 36, Code of Criminal
Procedure of Texas, provides as follows:

"The following are 'peace officers'; The sheriff
and his deputies, constable, the marshal, or policemen
of an incorporated town or city, the officers, non-
commissioned officers and privates of the State ranger
force, and any private person specially appointed to
execute criminal process."

Article 1067, Code of Criminal Procedure of Texas, reads as
follows:

"Constables, marshals or other peace officers
who execute process and perform services for justic-
es in criminal actions, shall receive the same fees
allowed to sheriffs for the same services."

Article 62, Code of Criminal Procedure of Texas, reads as follows:

"Corporation Court. The Corporation Court in each incorporated city, town or village of this State shall have jurisdiction within the corporate limits in all criminal cases arising under the ordinances of such city, town or village, and shall have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred ($200.00) dollars, and arising within such corporate limits."

Article 64, Code of Criminal Procedure of Texas, reads as follows:

"When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complain shall first be filed shall retain jurisdiction of such offense to the exclusion of all other courts."

As a peace officer, a city marshal may file such cases as come within the scope of his authority in any court having jurisdiction thereof. His duties and powers are variously defined in Articles 999 and 1147, Revised Civil Statutes of Texas.

Article 827a, Section 8, Penal Code of Texas, regulates the rate and speed of motor vehicles in the State of Texas. This Article reads as follows:

"It shall be unlawful for any person to operate or drive any motor or other vehicle upon the public highways of Texas at a rate of speed in excess of forty-five (45) miles an hour, or drive or operate a motor or other vehicle within the corporate limits of an incorporated city or town, or within or through any town or village not incorporated at a greater rate of speed than twenty (20) miles per hour; provided, that it shall be unlawful to operate upon said public highways a commercial motor vehicle as defined in this Act of either registered or actual gross weight of six thousand (6,000) pounds, or less, at a rate of speed in excess of forty (40) miles per hour, or such vehicle of either a registered or actual gross weight of over six thousand (6,000) pounds, at a rate of speed in excess

of twenty-five (25) miles per hour, or within
the corporate limits of any incorporated city
or town, or within or through any town or vil-
lage not incorporated at a rate of speed in
excess of eighteen (18) miles per hour. Provid-
ed further, that it shall be unlawful to operate
any motor vehicle engaged in this State in the
business of transporting passengers for compen-
sation or hire on any highway, road or thorough-
fare not privately owned between cities, towns
and villages at a rate of speed in excess of
forty (40) miles per hour."

Article 827a, Section 15, Penal Code of Texas, reads as follows:

"(a) It shall be unlawful and constitute a
misdemeanor for any person to violate any of the
provisions of this Act.
    "(b) Any person, corporation or receiver,
who violates any provision of this Act shall, upon
conviction, be punished by a fine of not more than
Two Hundred Dollars ($200.00); for a second convic-
tion within one (1) year thereafter such person,
corporation or receiver, shall be punished by a fine
of not more than Five Hundred Dollars ($500.00) or
by imprisonment in the County Jail for not more
than sixty (60) days, or by both such fine and im-
prisonment; upon a third or subsequent conviction
within one (1) year after the second conviction
such person, corporation or receiver shall be pun-
ished by a fine of not more than One Thousand Dol-
lars ($1,000.00) or by imprisonment in the County
Jail for not more than six (6) months, or by both
such fine and imprisonment. Provisions hereof with
respect to imprisonment shall not be applicable to
corporations, but double the fine herein provided
for may be imposed against them in lieu of impris-
onment."

Many of the cities of Texas, perhaps all, have ordinances against
"speeding." Therefore, the act of "speeding," if committed within the in-
corporated limits of a city, may be a violation of a city ordinance, and also
a violation of Article 827a, Section 8, Penal Code of Texas.

Your request for an opinion did not ask us any question relative
to the constitutionality of any city ordinance against "speeding," nor
were we furnished with a copy of any city ordinance. Therefore, we refrain
from any discussion as to the constitutionality of any city ordinance
against "speeding."

You are respectfully advised that it is the opinion of this department that if the city marshal arrests a violator of a valid city ordinance against speeding within the corporate limits of the city by virtue of a warrant issued by the Corporation Court, then the city marshal should carry the offender before that Court. If the city marshal arrested the violator of a State law against speeding within the corporate limits of the city by virtue of a warrant issued by the Corporation Court, then the city marshal should carry the offender before that Court. If the city marshal arrested a defendant for violating a State law against speeding within the corporate limits of the city by virtue of a warrant issued out of the Justice Court, then, in that event, the city marshal should carry the offender before the Justice Court.

You are further respectfully advised that it is the opinion of this department that if the city marshal arrested a defendant for speeding, which was an offense against the State law, as well as an offense against a valid city ordinance, without a warrant, then, in the event, the arrest having been made within the city limits of the incorporated city, and also within the limits of the justice precinct, the city marshal could elect as to whether or not he desired to file a case against the defendant in the city court for the violation of a valid city ordinance against speeding, or, he could file a case against the defendant in the city court for the violation of a State law against speeding, or he could file a case against the defendant in the Justice Court for the violation of a State law against speeding.

If the defendant was charged with violating Article 827a, Section 8, Penal Code of Texas, whereby the enhanced penalty for second, third or subsequent convictions as set out in Section 15 of Article 827a, supra, was sought by the State, the case could only be filed in the County Court.

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:FG:egw

APPROVED DEC 7, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By . BWB Chairman